UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD DURAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LONGORIA, CASE, E. PARKS, M. GAMBOA, W. SINKOVICH,<br><br>　　　　Defendants. | Case No. 1:20-cv-00289-HBK (PC)<br><br>THIRD SCREENING ORDER DIRECTING PLAINTIFF TO FILE NOTICE TO VOLUNTARILY DISMISS DEFENDANTS AND OTHER CLAIMS DEEMED NOT COGNIZABLE; OR,<br><br>STAND ON COMPLAINT SUBJECT TO COURT RECOMMENDING DISMISSAL OF DEFENDANT AND CLAIMS DEEMED NOT COGNIZABLE TO THE DISTRICT COURT[1]<br><br>FOURTEEN DAY (14) DEADLINE<br><br>(Doc. Nos. 19, 21) |

　　　Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se Second Amended civil rights complaint filed under 42 U.S.C. § 1983 by Paul Edward Duran—a prisoner. (Doc. No. 19).  Upon review, the Court finds the Second Amended Complaint states a First Amendment free exercise of religion claim against Defendant Longoria but fails to state any other cognizable claim against the other named defendants.  The Court affords Plaintiff the option to file a notice to proceed only on his claims deemed cognizable or stand on his Second Amended Complaint subject to the Court recommending the district court dismiss the defendants and claims

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

deemed not cognizable.

**SCREENING REQUIREMENT**

Plaintiff commenced this action while in jail and is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen any complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the Court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the Court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint include "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Finally, the Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added). But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits.

If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a *pro se* litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

## SUMMARY OF OPERATIVE PLEADING

Plaintiff commenced this action on February 20, 2020, by filing his initial complaint. (Doc. No. 1). The previously assigned magistrate judge found the complaint failed to state a claim and gave Plaintiff an opportunity to file an amended complaint. (Doc. No. 6). Plaintiff filed his First Amended Complaint on June 11, 2020. (Doc. No. 11, "FAC"). The undersigned screened Plaintiff's FAC on December 8, 2022 and found that it failed to state a cognizable claim and gave Plaintiff another opportunity to file a second amended complaint. (Doc. No. 17). Plaintiff timely filed his Second Amended Complaint ("SAC") which is now subject to screening. (*See* Doc. No. 19). Further, on January 11, 2023, Plaintiff filed a supplement to his SAC. (Doc. No. 21).

The SAC alleges that Defendant Longoria violated Plaintiff's right to free exercise of religion under the First Amendment. (Doc. Nos. 19 at 4-9, 21 at 2). Plaintiff, who claims to be a devout Odinist, states that on March 22, 2019, Defendant Longoria confiscated his Thor's Hammer and runes, without just cause, depriving Plaintiff of his ability to practice his religion. (Doc. Nos. 19 at 4, 21 at 2). When Plaintiff explained to Defendant Longoria that he would not

be able to perform any upcoming rituals without his Thor's Hammer and runes, Defendant Longoria told him that he did not care about Plaintiff's "pagan religion" and Plaintiff needed "to go to church and give [himself] to Jesus Christ." (*Id*. at 5). The Thor's hammer and runes were blessed by a religious elder and Plaintiff claims both are integral to perform religious ceremonies. (*Id*. at 4). Further, Plaintiff explains that because he has a violent relationship with another inmate who is an Odinist, Plaintiff is forced to practice his religion by himself and cannot attend Odinist services. (Doc. No. 21 at 2). Without his Thor's Hammer and runes, Plaintiff states he is unable to practice his religion. (Doc. No. 19 at 5). Liberally construed, Plaintiff explains that the confiscation of his Thor's Hammer and runes does not serve a penological interest because Defendant Longoria took them to stop Plaintiff from practicing a "pagan religion" and force him to go to a Christian church. (*Id*. at 6).

Plaintiff claims Defendant Case and "other supervisors" knew Plaintiff could not attend Odinist services at the chapel. (Doc. No. 21 at 2). Finally, "supervisors" told Plaintiff that his runes were pebbles, not items of religious significance, and Plaintiff was not allowed to have them. (*Id*. at 3).

As relief, Plaintiff seeks costs and $1,000,000.00 in damages. (Doc. No. 19 at 11).

**ANALYSIS AND APPLICABLE LAW**

**First Amendment – Free Exercise of Religion**

The First Amendment to the Constitution protects the "free exercise of religion." U.S. Cont., Amend. I. Convicted inmates "retain protections afforded by the First Amendment" including the right to "the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). Prison officials are prohibited from substantially burdening the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith unless the impingement "'is reasonably related to legitimate penological interests.'" *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Government action substantially burdens the exercise of religion when the action is "oppressive to a significantly great extent." *Int'l Church of Foursquare Gospel v. City of San*

4

*Leandro*, 673 F.3d 1059, 1067 (9th Cir. 2011) (internal quotations and citation omitted). "That is, a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Id.* (quoting *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). Alternatively, "[a] substantial burden exists where the governmental authority puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (citation omitted). A substantial burden on religious exercise must involve a "central tenet" or a mandatory requirement of the person's religion. *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997); *Bryant v. Gomez*, 46 F.3d 948, 949 (9th Cir. 1995).

Here, Plaintiff states a cognizable First Amendment claim as to Defendant Longoria but not to any other named defendant. Plaintiff explains that he is not able to perform religious ceremonies without his Thor's Hammer and runes. Therefore, because Plaintiff cannot go to Odinist services, without his Thor's Hammer and runes, Plaintiff is substantially burdened in his ability to practice his religion since he cannot perform Odinist religious ceremonies. Finally, because Defendant Longoria told Plaintiff that he did not care about Plaintiff's "pagan religion" and that Plaintiff needed "to go to church and give [himself] to Jesus Christ," Plaintiff is able to show that Defendant Longoria's actions seek to penalize or to coerce Plaintiff to change his behavior or beliefs.

While Plaintiff is able to state a cognizable claim against Defendant Longoria, he fails to state a First Amendment claim against Defendants Case, E. Parks, M. Gamboa, and W. Sinkovich. Plaintiff's SAC is devoid of any fact as to Defendants E. Parks, M. Gamboa, and W. Sinkovich. The only mention of Defendant Case is that Plaintiff informed him that he could not attend Odinist services at the chapel which is woefully short from stating a First Amendment free exercise of religion claim against Defendant Case. Furter, while Plaintiff's attachments demonstrate Defendant Case interviewed Plaintiff as a part of the grievance process, Plaintiff offers no facts that indicate how Defendant Case used the interview to deny Plaintiff the freedom to exercise his religion. (*See* Doc. No. 19 at 15-19). There is no mention of Defendants E. Parks, M. Gamboa, or W. Sinkovich anywhere in Plaintiff's SAC. Ultimately, the SAC fails to state a cognizable First Amendment claim against Defendants Case, E. Parks, M. Gamboa, and W.

Sinkovich.

**Supervisor Liability**

Liability under section 1983 arises only upon a showing of personal participation by the defendant. "There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them. *Id.*, *see also Starr v. Baca*, 652 F3d 1202, 1206-07 (9th Cir. 2011).

As discussed *supra*, Plaintiff's SAC is devoid of any fact related to Defendants E. Parks, M. Gamboa, or W. Sinkovich. Further, Plaintiff's mere mention that Defendant Case knew Plaintiff could not attend Odinist services at the chapel is inadequate to support any claim. The SAC contains no facts that indicate how Defendants Case, E. Parks, M. Gamboa, or W. Sinkovich participated in, directed the violation of, or knew of the violations of Plaintiff's rights under the First Amendment and failed to prevent them.

**OPTIONS**

Liberally construing the SAC and accepting the allegations as true, the Court finds the SAC sufficiently states a First Amendment claim for free exercise of religion against Defendant Longoria but no other claim. In order to continue the prosecution of this action, Plaintiff must take one of the following three options within fourteen (14) days from service of this Order.

**First Option:** Plaintiff may file a Notice under Rule 41 stating he intends to stand on his current SAC as screened herein and proceed only on his First Amendment free exercise of religion claim against Defendant Longoria, thereby voluntarily dismissing Defendants Case, E. Parks, M. Gamboa, and W. Sinkovich and any other claims the Court deemed not cognizable. The Court would then order service on Defendant Longoria. The Court will then direct service of the SAC upon Defendant Longoria.

**Second Option**: Plaintiff may stand on his SAC subject to the undersigned issuing a Findings and Recommendations to dismiss Defendants Case, E. Parks, M. Gamboa, and W. Sinkovich and claims the Court has deemed not cognizable.

If Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to elect and notify the Court of any of the three options, the undersigned will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action after its determination that the SAC failed to state a claim, which will count as strike under the PLRA. *See* Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED:**

1. Within **fourteen (14) days** from the date of service of this order, Plaintiff shall take one of the following actions: (a) file a Notice that he intends to stand on the SAC as screened and proceed only on those claims the Court deems cognizable, effectively dismissing Defendants Case, E. Parks, M. Gamboa, and W. Sinkovich and claims without prejudice under Federal Rule of Civil Procedure 41(a)(1); or (b) file a Notice stating he intends to stand on his current SAC subject to the undersigned recommending the district court to dismiss certain claims and Defendants for the reasons stated in this Order

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

Dated:    January 19, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE