UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD DURAN,<br><br>   Plaintiff,<br><br>   v.<br><br>LONGORIA, CASE, E. PARKS, M. GAMBOA, W. SINKOVICH,<br><br>   Defendants. | Case No. 1:20-cv-0289-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO PERMIT PLAINTIFF TO PROCEED ON FIRST AMENDMENT CLAIM AND DISMISS REMAINING CLAIMS AND DEFENDANTS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 25) |

Plaintiff, Edward Duran, is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights complaint under 42 U.S.C. § 1983. Plaintiff proceeds on his Third Amended Complaint filed March 6, 2023. (Doc. No. 25, "TAC"). As more fully set forth below, the undersigned finds the TAC states a cognizable First Amendment claim against Defendant Longoria for violating Plaintiff's right to free exercise of religion but no other claims and recommends that Plaintiff be allowed to proceed only on his cognizable claim and all other Defendants and clams be dismissed.

////

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

The former assigned magistrate judge found Plaintiff's complaint did not state a claim but permitted Plaintiff to file an amended complaint. (Doc. No. 6). The undersigned found Plaintiff's first amended complaint likewise did not state a claim and permitted Plaintiff a final opportunity to file a second amended complaint. (Doc No. 17). Plaintiff filed a second amended complaint (Doc. No. 21, "SAC") and the undersigned found the SAC stated a cognizable First Amendment free exercise of religion claim against Defendant Longoria but no other claim against any other Defendant. (Doc. No. 22). The Court directed Plaintiff to file a notice to voluntarily dismiss the Defendants and other claims deemed not cognizable or stand on his SAC subject to the undersigned issuing a findings and recommendation to dismiss the Defendants and other claims considered not cognizable. (*Id.* at 6). Instead, after being granted leave, Plaintiff filed a Third Amended Complaint on March 6, 2023. (Doc. No. 25, "TAC").

The TAC names the following Defendants: Correctional Officer Longoria; Sergeant Case; Associate Warden E. Parks; Chief Deputy Warden M. Gamboa; and Appeals Examiner W. Sinkovich. (*Id.* at 1-3). The events giving rise to the claims in the TAC occurred at Corcoran State Prison ("CSP"). (*See generally id.*). Plaintiff attaches exhibits to his TAC, which include the grievances he filed in connection with his claim. (*Id.* at 17-27).

Plaintiff, who claims to be a devout Odinist, states that on March 22, 2019, Defendant Longoria confiscated his Thor's Hammer and runes, without just cause, depriving him of his ability to practice his religion. (*Id.* at 6-7, 10). Plaintiff states he tried to explain to Defendant Longoria before he took these items that he needed these items to perform certain religious rituals, but Defendant Longoria told him he did not care about Plaintiff's "pagan religion" and Plaintiff needed "to go to church and give [himself] to Jesus Christ." (*Id.* at 7). Plaintiff admits he handcrafted these items "from rocks on the prison yard" but says the items were blessed by a religious elder and are integral to performing religious ceremonies. (*Id.* at 6-8). Plaintiff's runes consisted of "24 small rocks with carved writings on them." (*Id.* at 19). Plaintiff states he obtained a CDCR Form 165 (which he refers to as a "hobby craft permit") when he was incarcerated at Pleasant Valley Prison that allows him to make his own Thor's Hammer and

1    runes. (*Id*. at 11, 19). Because Plaintiff had a "sirious [sic] conflict" with another Odinist inmate
2    that "was about to turn violent," Plaintiff must practice his religion by himself and cannot attend
3    Odinist services. (*Id*. at 10). Plaintiff also alleges Defendant Longoria did not follow CDCR
4    regulation "15 § 3213(E)" because he did not document the confiscation of his Thor's Hammer
5    and runes on "C.D.C. Form 128(A)." (*Id*. at 9-10). Plaintiff asserts the confiscation of his Thor's
6    Hammer and runes does not serve a penological interest because Defendant Longoria took them
7    to stop Plaintiff from practicing a "pagan religion" and force him to go to a Christian church. (*Id*.
8    at 8-10). In passing, Plaintiff also claims Defendant Longoria violated his Fifth Amendment
9    rights by confiscating the items and violated his equal protection rights under the Fourteenth
10   Amendment because Defendant Longoria did "not do this to inmates of other religions." (*Id*. at
11   10).

12   Plaintiff attributes liability to Defendant Case and the "other supervising defendants"
13   because they were aware he could not attend Odinist services, but they still denied his grievance
14   on the basis that his Thor's Hammer and runes were pebbles and not items of religious
15   significance. (*Id*. at 10-11, 21-22). Plaintiff further faults Defendants Case, Park, Gamboa, and
16   Sinkovich on the basis that they knew Defendant Longoria did not follow policy when he
17   confiscated Plaintiff's religious items, but they did not take any action. (*Id*. at 14). Finally,
18   Plaintiff asserts liability to Defendants Case, Park, Gamboa, and Sinkovich because they did not
19   rule in Plaintiff's favor during the grievance process and return his Thor's Hammer and runes to
20   him. (*Id*. at 13-14). As relief, Plaintiff requests compensatory damages for the value of his
21   Thor's hammer and runes, $1,000,000 for pain and suffering, $1,000,000 in punitive damages and
22   costs for bringing this action. (*Id*. at 13).

**APPLICABLE LAW**

**Screening Requirements and Fed. R. Civ. P. 8**

25   Under 28 U.S.C. § 1915A, a court must screen a prisoner's complaint that seeks relief
26   against a governmental entity, its officers, or its employees. *See* 28 U.S.C. § 1915A(a). The
27   court must identify any cognizable claims and dismiss any portion of the complaint that is
28   frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however unartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts supporting the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). At this stage of the proceedings, the Court must accept the Plaintiff's factual allegations as true and construe them in the light most favorable to the Plaintiff. The Court's review is limited to the complaint, exhibits attached, and materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). Because the exhibits are attached and incorporated in the TAC, the Court may consider the exhibits when their authenticity is not questioned. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (noting at 12(b)(6) stage material properly submitted as part of the complaint may be considered without converting the motion to dismiss to a motion for summary judgment).

Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail allowing the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility that a defendant acted unlawfully is not sufficient, and consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted). Courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Finally, examples of immunity from relief for consideration during screening, include, but are not limited to, quasi-judicial immunity, sovereign immunity, or qualified immunity. Additionally, a plaintiff may not recover monetary damages absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e). In other words, to recover monetary damages, a plaintiff must allege physical injury that need not be significant but must be more than de minimis, except when involving First Amendment claims. *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (surveying other circuit courts and agreeing with the Second, Fifth, and Eleventh Circuits on Prison Litigation Reform Act's injury requirement, but not defining de minimis the way the Fifth Circuit does).

## ANALYSIS

**First Amendment – Free Exercise of Religion and Equal Protection Claim Stated**

The First Amendment to the Constitution protects the free exercise of religion. Convicted inmates "retain protections afforded by the First Amendment" including the right to "the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). Prison officials are prohibited from substantially burdening the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith unless the impingement "'is reasonably related to legitimate penological interests.'" *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Government action substantially burdens the exercise of religion when the action is "oppressive to a significantly great extent." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1067 (9th Cir. 2011) (internal quotations and citation omitted). "That is,

5

a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *Id.* (quoting *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). Alternatively, "[a] substantial burden exists where the governmental authority puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (citation omitted). A substantial burden on religious exercise must involve a "central tenet" or a mandatory requirement of the person's religion. *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997); *Bryant v. Gomez*, 46 F.3d 948, 949 (9th Cir. 1995).

Correctional officials may bar certain religious objects and artifacts or limit their use if they present security problems. *O'Lone v. Shabazz*, 482 U.S. at 348. "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. at 89; *see also Friend v. Kolodzieczak*, 923 F.2d 126, 127 (9th Cir. 1991) (upholding ban on rosary beads and scapulars). And while prison officials must treat all religions in a comparable manner, total parity is not required. *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972); *Shakur v. Schriro*, 514 F. 3d 878, 891 (9th Cir. 2008) (applying *Turner* reasonableness standard and not "rational basis" test).

Here, the TAC states a cognizable First Amendment claim against Defendant Longoria but not as to any other named Defendant. Because he cannot attend the Odinist services, Plaintiff performs the Odinist rituals alone in his cell. Plaintiff states he is not able to perform religious ceremonies, which are integral to his Odinist religion without his Thor's Hammer and runes which Defendant Longoria confiscated. The Thor's Hammer and runes were blessed and carry religious significance for Plaintiff. Defendant Longoria told Plaintiff that he did not care about Plaintiff's "pagan religion" and that Plaintiff needed to "go to church and give [himself] to Jesus Christ." Accepting Plaintiff allegations as true, Plaintiff states a First Amendment free exercise and equal protection claim regarding the confiscation of his Thor's Hammer and runes.[2] Further, Defendant Longoria's statements could be construed as an action to penalize or to coerce Plaintiff

---

[2] It appears from the response to Plaintiff's grievance that at least the runes were considered contraband. (Doc. No. 25 at 22). Whether the items that Plaintiff insist were religious items and were disposed of per CDCR policy is a matter more properly suitable to a summary judgment analysis.

1 to change his behavior or beliefs.

**No Fifth Amendment or Fourteenth Amendment Equal Protection**

However, the TAC does not state a claim regarding the fact as to whether Defendant Longoria violated a prison regulation when he confiscated the Thor's Hammer and runes because § 1983 does not provide a cause of action for a violation of state law.[3] *Sims v. Rios*, 457 F. App'x 626 (9th Cir. 2011) (citing *Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007)). Nor does the TAC state a Fifth Amendment claim stemming from the confiscation of these items. When the state provides an adequate post-deprivation remedy for the taking of property, for example through a state tort action, the existence of that remedy satisfies the requirements of due process. *Zinermon v. Burch*, 494 U.S. 113, 128 (1990). The Ninth Circuit recognizes California law provides such a remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Further, the TAC does not contain any facts as to how Plaintiff or any other Odinist was treated differently than any other member of a different religious sect to raise an equal protection argument.

**No Supervisor Liability**

To the extent the TAC seeks to hold Defendants Case, Parks, Gamboa, and Sinkovich liable based on their supervisory roles, "[t]here is no respondeat superior liability under section 1983." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (citations omitted). A supervisor is only liable for the constitutional violations of his subordinates if the supervisor took part in or directed the violations or knew of the violations and failed to act to prevent them. *Id*., *see also Starr v. Baca,* 652 F.3d 1202, 1206–07 (9th Cir. 2011). Plaintiff's TAC is devoid of any fact showing that Defendants Case, Parks, Gamboa, and Sinkovich participated in the confiscation of his religious articles, directed Defendant Longoria to confiscate the religious articles, or knew that Defendant Longoria intended to confiscate Plaintiff's religious articles prior to their confiscation and did not prevent their confiscation. Rule 8(a) of the Federal Rules of Civil Procedure require a complaint contain sufficient factual detail to allow the Court to reasonably infer that each named

---

[3] To the extent discernable, Plaintiff claims that Defendant Longoria did not inventory his Thor's Hammer and runes when he confiscated them in violation of CRCR regulations.

defendant is liable for the misconduct alleged. Fed. R. Civ. P. 8(a). Here, the TAC does not provide any facts for the Court to reasonably infer that Defendants Case, Parks, Gamboa, and Sinkovich in their respective supervisory positions violated Plaintiff's First Amendment rights.

### No Claim Stemming from Administrative Grievance Process

Finally, to the extent the TAC attempts to impute liability on Defendants Case, Parks, Gamboa, and Sinkovich because they did not rule in Plaintiff's favor during the administrative grievance process no constitutional claim is stated. Inmates lack a constitutional right to a specific grievance procedure and there are no constitutional requirements regarding how a grievance system is operated, even if Plaintiff believes the process to be unfair or not accurate. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Thus, Defendants Case, Parks, Gamboa, and Sinkovich cannot be held liable under § 1983 based on their involvement in the administrative grievance process or denial of Plaintiff's grievance. *Penton v. Johnson*, 2019 WL 6618051, at *6 (E.D. Cal. Dec. 5, 2019) ("Moreover, a prison official's denial of a grievance does not itself violate the constitution…. 'An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983.'") (quoting *Evans v. Skolnik*, 657 F. App'x 285, 288 (9th Cir. 2015), *cert dism'd*, 136 S. Ct. 2390 (2016) (unpublished opinion)) (other citation omitted); *Wilkins v. Barber*, 2023 WL 1111657, at *29 (E.D. Cal. Jan. 27, 2023) ("[A]n appeals coordinator cannot cause or contribute to a completed constitutional violation which occurred in the past and which was not remedied by any action the reviewer might take[,]" and "[a] defendant whose only role in a completed constitutional violation involved the denial of a grievance 'cannot be liable under § 1983'") (citing *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

### CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned finds the TAC states a cognizable First Amendment free exercise of religion claim against Defendant Longoria. The TAC does not state any other cognizable claim against any other Defendant. Despite being provided with relevant pleading and legal standards, and multiple opportunities, Plaintiff has been unable to cure the

remaining deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

Further, it is **RECOMMENDED**:

1. This action proceeds only on Plaintiff's First Amendment free exercise of religion claim against Defendant Longoria. (Doc. No. 25).

2. All other claims and Defendants be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   March 21, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

9