UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD DURAN., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>LONGORIA, <br><br>　　　　　Defendant. | Case No. 1:20-cv-00289-HBK (PC) <br><br>ORDER STRIKING IMPROPER PLEADING <br><br>(Doc. No. 56) |

On February 2, 2024, Plaintiff filed a pleading titled "Motion Declining the California Attorney Generals [sic] Offer to Settel [sic] Case. and, First time Notice to the Court of Incorporation status involves reasons for declining state." (Doc. No. 56, "Motion"). The pleading, while styled as a motion, essentially consists of a letter "informing the Court and the California Deputy Attorney General 'Jacqueline Kellberg'" that Plaintiff is declining a proposed stipulation for voluntary dismissal with prejudice of the instant case because the stipulation is "in stark contrast to [his] current filings for sovereignty as an ecclesiastical Incorporation status that was obtained in the probate court, Thirteenth Judicial District Court Sandoval County of New Mexico . . ." (*Id*. at 2). To the extent discernible, Plaintiff asserts that due to a recent inheritance from his mother and his status as a sovereign citizen, he cannot enter the proposed stipulation with the Attorney General's Office. (*Id*. at 3-6).

At the outset, the Court notes that this case proceeds *only* on Plaintiff's First Amendment free exercise of religion claim against Defendant Longoria. (*See* Doc. Nos. 27, 30). The Court

will not tolerate any attempt by Plaintiff to interject additional claims based upon Plaintiff's asserted status as a sovereign citizen. Indeed, numerous courts across the country "have uniformly rejected arguments" based on the sovereign citizen ideology as frivolous, irrational, or unintelligible. *United States v. Staten*, No. 1:10-cr-179, 2012 WL 2389871, at *3 (M.D. Pa. June 25, 2012) (collecting cases). Similarly, the Ninth Circuit has rejected arguments premised on the ideology as "utterly meritless." *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

Additionally, Plaintiff is advised that any motions requesting relief must "state with particularity the grounds for seeking the order[,]" and "state the relief sought[,]" which Plaintiff's pleading fails to do. *See* Fed. R. Civ. P. 7(b). Plaintiff's pleading seeks no relief from the Court and instead "inform[s]" the Court of the reasons why Plaintiff is declining a proposed settlement offer. Because Plaintiff's pleading fails to comport with this Court's procedural rules and local rules of which Plaintiff was advised, the Court will order it stricken. (*See* Doc. No. 3 at ¶¶ C, E, F advising pro se prisoner of Fed. R. Civ. P. 7, Local Rules 131, 133).

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to strike Plaintiff's pleading which is improperly styled as a "Motion" (Doc. No. 56) for the reasons set forth above and terminate it as a pending motion from the docket.

Dated:   February 8, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE