UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL EDWARD DURAN.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LONGORIA,<br><br>　　　　Defendant. | Case No. 1:20-cv-00289-HBK (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SURREPLY<br><br>(Doc. No. 80) |

　　　　On February 27, 2025, Plaintiff filed a pleading titled "Clarification to his Objections/Opposition to Defendant's Motion for Summary Judgment," which the Court construes as a Surreply. (Doc. No. 79, "Surreply"). In response, Defendant filed a Motion to Strike the pleading on March 4, 2025. (Doc. No. 80, "Motion"). The Court grants the Motion.

　　　　On December 23, 2024, Defendant filed a Motion for Summary Judgment. (Doc. No. 73). After being afforded an extension of time, Plaintiff filed an opposition on January 24, 2025. (Doc. No. 76). Defendant filed a reply on February 10, 2025. (Doc. No. 78). Thereafter, without requesting leave, Plaintiff filed the construed Surreply. (Doc. No. 79).

　　　　Neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District of California permit the filing of a surreply as a matter of right. *See Garcia v. Biter*, 195 F.Supp.3d at 1131 (E.D. Ca. July 18, 2016) (noting the plaintiff did not have a right to file a surreply under the local rules or under the Federal Rules of Civil Procedure). Whether to permit a surreply lies within the discretion of the court. *Id.* at 1133 (other citations omitted). While courts

are required to provide *pro se* litigants leniency, the court generally views motions for leave to file a surreply with disfavor and will not consider granting a motion seeking leave to file a surreply absent good cause shown. *Id.* (other citations omitted); *see also U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F. 3d 1195, 1203 (9th Cir. 2009) (holding that district court did not abuse discretion in refusing to permit "inequitable surreply"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (providing the non-movant an opportunity to respond). A district court may allow a sur-reply to be filed where there is a valid reason for such additional briefing, such as to prevent unfair prejudice. *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. 2005).

Here, in addition to not moving for leave to file the surreply and show good cause, the Surreply is unsigned. Federal Rule of Civil Procedure 11 requires all pleadings, written motions, and other papers be signed by at least one attorney of record or by a party personally if the party is unrepresented. Fed. R. Civ. P. 11(a); *see also* E.D. Ca. Local Rule 131(b). "The Court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(b). In its First Informational Order, the Court advised Plaintiff that "[e]ach document submitted for filing must include the original signature of the filing party." (Doc. No. 3 at 2, ¶G). The Court further warned Plaintiff therein that any unsigned document may be stricken. (*Id.*).

Accordingly, it is hereby ORDERED:

1. Defendant's Motion to Strike (Doc. No. 80) is GRANTED.
2. The Clerk of Court shall STRIKE Plaintiff's construed Surreply (Doc. No. 79) from the docket.

Dated:   March 10, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE